UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LaSHAWN ROBINSON, et al.,<br>　　　　Plaintiff<br>vs.<br><br>DIANNA WENTZELL, et al.<br>　　　　Defendants | CIVIL ACTION NO.<br>3:18-cv-00274 (SRU)<br><br><br><br><br>APRIL 13, 2018 |

## ANSWER AND AFFIRMATIVE DEFENSE OF DEFENDANT CRAIG STALLINGS

1. The first two sentences are denied.  As to the third sentence, because Defendant Stallings lacks sufficient information as to the quality of magnet schools not operated by the Hartford Board of Education and because the term "racial quota" is ambiguous and subject to varied interpretations as well as an inaccurate and incomplete characterization of a systemic approach designed to comply with a desegregation order issued by the state Supreme Court enforcing the Connecticut constitution, subject to judicial supervision, Defendant Stallings leaves the Plaintiffs to their proof.  As to the fourth sentence, because the term "racial quota" is ambiguous and subject to interpretation as well as an inaccurate and incomplete characterization of the above-mentioned systemic approach, Defendant Stallings leaves Plaintiffs to their proof.   As to the last sentence, because the term "failing" is ambiguous and subject to varied interpretations as well as an inaccurate and incomplete characterization of Hartford's neighborhood schools, Plaintiffs are left to their proof as to the remaining allegations.

2. As to the first sentence, it is admitted only that there are lottery processes, and the remaining allegations of the first sentence are denied.  As to the second sentence, it is admitted only that the cited Hartford Courant article is accurately quoted.  As to the

remaining allegations of the paragraph, Defendant Stallings leaves the Plaintiffs to their proof.

3. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

4. Defendant Stallings lacks sufficient information to admit or deny the allegations of the first and third sentences and leaves Plaintiffs to their proof.  The second sentence is admitted.

5. It is admitted only that, sued in his official capacity as Chairman of the Hartford Board of Education, Defendant Stallings is a Connecticut resident.  Defendant Stallings lacks sufficient information to admit or deny the remaining allegations of this paragraph and leaves the Plaintiffs to their proof.

6. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

7. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

8. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

9. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

10. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

11. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

12. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

13. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

14. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

15. Admitted.

16. Admitted.

17. Admitted.

18. [omitted in Plaintiffs' Complaint]

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted that Craig Stallings is Chairman of the Hartford Board of Education.

28. Denied that the *Sheff* lawsuit was a class action. Admitted as to the remaining allegations of the paragraph.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted, upon information and belief, that RSCO was created to work in partnership with *Sheff* magnet school operators and stakeholders to conduct a lottery process for placement of students within the *Sheff* portfolio of school choice programs. By way of further answer, RSCO does not conduct a lottery process for all Open Choice and magnet schools.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. As to the first and second sentences, it is admitted that the Phase II Stipulation covered a five-year term ending June 30, 2013 and was entered as an order of the state court in April 2008. As to the third sentence, it is admitted only that the "Desegregation Standard" as defined in the Phase II Stipulation was not to exceed 75% minority percentage enrollment. As to the fourth sentence it is admitted only that the 41% as alleged was one alternative goal contained within the Phase II Stipulation.

40. Admitted.

41. Admitted.

42. Admitted only that under the definition of "Reduced-Isolation Setting" in the Phase III Stipulation, Asian students contribute to the identification of a program as providing a

Reduced Isolation Setting. Asian students are considered "Minority Students" under the Phase III Stipulation definition.

43. Admitted.

44. Admitted as to the first sentence and admitted that the Hartford Superior Court granted the *Sheff* plaintiffs' motion for a temporary injunction. As to the remaining allegations contained in this paragraph, because the term "racial quota" is ambiguous and subject to varied interpretations as well as an inaccurate and incomplete characterization of a systemic approach designed to comply with a desegregation order issued by a state court enforcing the Connecticut constitution, subject to judicial supervision, Defendant Stallings leaves the Plaintiffs to their proof.

45. Admitted that the reduced-isolation standard as well as various other provisions contained in the *Sheff* stipulations have been codified in the Connecticut General Statutes.

46. Admitted.

47. Admitted, upon information and belief, only that the Connecticut State Department of Education issued the document attached to Plaintiffs' Complaint as Exhibit 1. The remaining allegations are denied.

48. Admitted only that the document attached as Exhibit 1 to the Complaint reads as alleged. As to the remaining allegations, Plaintiffs are left to their proof.

49. Defendant Stallings leaves the Plaintiffs to their proof because the allegations of this paragraph, as written, mischaracterize and oversimplify the above-referenced systemic approach designed to comply with a desegregation order issued by a state court enforcing the Connecticut constitution, subject to judicial supervision.

50. Admitted, upon information and belief, that RSCO was created to work in partnership with *Sheff* magnet school operators and stakeholders in part to conduct a lottery process for placement of students within the *Sheff* portfolio of school choice programs. By way of further answer, RSCO does not conduct a lottery process for all Open Choice and magnet schools.

51. Because the phrase "these magnet schools" is vague and confusing, Defendant Stallings leaves Plaintiffs to their proof. By way of further answer, the Hartford Board of Education operates approximately 20 Hartford Host Magnet Schools.

52. Admitted.

53. Admitted only, upon information and belief, that the RSCO lottery opened on November 1, 2017 and closed on February 28, 2018.

54. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

55. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

56. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

57. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

58. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

59. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

60. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

61. Defendant Stallings incorporates by reference his responses to the preceding paragraphs of Plaintiffs' Complaint.

62. As to the first sentence, it is denied that Defendant Stallings is responsible for enforcement or implementation as alleged and admitted only that the Hartford Board of Education is required to comply with state law and state court orders implementing the 75/25 standard contained therein.  Defendant Stallings lacks sufficient information to admit or deny the remaining allegations of this paragraph and leaves the Plaintiffs to their proof.

63. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

64. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

65. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

66. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

67. Defendant Stallings incorporates by reference his responses to the preceding paragraphs of Plaintiffs' Complaint.

68. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

69. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

70. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

71. Defendant Stallings incorporates by reference his responses to the preceding paragraphs of Plaintiffs' Complaint.

72. Admitted.

73. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

74. Admitted.

75. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

76. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

77. Denied that compliance with state law and court orders is not a compelling state interest. As to the remaining allegations of this paragraph Defendant Stallings leaves the Plaintiffs to their proof.

78. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

79. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.  By way of further answer, it is admitted that higher education is not the educational context that is the subject of Plaintiffs' Complaint.

80. Denied that compliance with state law and court orders is not a compelling state interest. As to the remaining allegations of this paragraph Defendant Stallings leaves the Plaintiffs to their proof.

81. Denied that compliance with state law and court orders is not a compelling state interest. As to the remaining allegations of this paragraph Defendant Stallings leaves the Plaintiffs to their proof.

82. Denied that compliance with state law and court orders is not a compelling state interest. As to the remaining allegations of this paragraph Defendant Stallings leaves the Plaintiffs to their proof.

83. Denied that compliance with state law and court orders is not a compelling state interest. As to the remaining allegations of this paragraph Defendant Stallings leaves the Plaintiffs to their proof.

84. Defendant Stallings incorporates by reference his responses to the preceding paragraphs of Plaintiffs' Complaint.

85. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

86. Defendant Stallings lacks sufficient information to admit or deny the allegations of this paragraph and leaves the Plaintiffs to their proof.

87. Denied that Defendant Stallings enforces or administers the RSCO lottery. Denied that compliance with state law and court orders is not a compelling state interest. Defendant Stallings lacks sufficient information to admit or deny the remaining allegations of this paragraph and leaves the Plaintiffs to their proof.

88. Denied that Defendant Stallings is "manipulating" the RSCO lottery. Denied that compliance with state law and court orders is not a compelling state interest. Defendant Stallings lacks sufficient information to admit or deny the remaining allegations of this paragraph and leaves the Plaintiffs to their proof.

89. Denied that Defendant Stallings is "manipulating" the RSCO lottery. Defendant Stallings lacks sufficient information to admit or deny the remaining allegations of this paragraph and leaves the Plaintiffs to their proof.

90. Denied that Defendant Stallings is "manipulating" the RSCO lottery. Defendant Stallings lacks sufficient information to admit or deny the remaining allegations of this paragraph and leaves the Plaintiffs to their proof. By way of further answer, it is admitted that higher education is not the educational context that is the subject of Plaintiffs' Complaint.

91. Denied that Defendant Stallings is "manipulating" the RSCO lottery. Denied that compliance with state law and court orders is not a compelling state interest. Defendant Stallings lacks sufficient information to admit or deny the remaining allegations of this paragraph Defendant Stallings leaves the Plaintiffs to their proof.

92. Denied that Defendant Stallings is "manipulating" the RSCO lottery. Denied that compliance with state law and court orders is not a compelling state interest. Defendant Stallings lacks sufficient information to admit or deny the remaining allegations of this paragraph Defendant Stallings leaves the Plaintiffs to their proof.

93. Denied that Defendant Stallings is "manipulating" the RSCO lottery. Denied that compliance with state law and court orders is not a compelling state interest. Defendant Stallings lacks sufficient information to admit or deny the remaining allegations of this paragraph Defendant Stallings leaves the Plaintiffs to their proof.

94. Denied that Defendant Stallings is "manipulating" the RSCO lottery. Denied that compliance with state law and court orders is not a compelling state interest. Defendant Stallings lacks sufficient information to admit or deny the remaining allegations of this paragraph Defendant Stallings leaves the Plaintiffs to their proof.

**Prayer for Relief and Jury Demand**

Defendant Stallings leaves the Plaintiffs to their proof as to whether Plaintiffs are entitled to any equitable relief. It is denied that Plaintiffs are entitled to any attorney's fees and costs, in that any actions of Defendant Stallings at issue in the Complaint have been taken in his official capacity for the purpose of compliance with obligations imposed by and pursuant to state statute and lawful judicial orders of the Connecticut Supreme Court and the Connecticut Superior Court. Because Plaintiffs' claims exclusive of claims for attorney's fees and costs, are equitable in nature, it is denied that Plaintiffs are entitled to a jury trial.

## FIRST AFFIRMATIVE DEFENSE

Any and all actions of Defendant Stallings at issue herein were taken in his official capacity as Chairman of the Hartford Board of Education, pursuant the order of the Connecticut Supreme Court in *Sheff v. O'Neill*, 238 Conn. 1 (1996) in enforcing Connecticut constitutional law, and have been either ordered or approved by the Connecticut Superior Court in enforcing that mandate. Mr. Stallings was and continues to be entitled to rely in good faith on the federal constitutional legality of the mandate of the Connecticut Supreme Court and the orders of the Connecticut Superior Court interpreting and enforcing that mandate.

DEFENDANT
CRAIG STALLINGS


BY:/s/ Howard G. Rifkin
Howard G. Rifkin (Federal Bar No. ct29978)
Corporation Counsel
Julia V. Wilde (Federal Bar No. ct30163)
Assistant Corporation Counsel
550 Main Street, Suite 210
Hartford, CT 06103
Telephone (860) 757-9700
Facsimile (860) 722-8114
Email: Howard.Rifkin@hartford.gov
 Julia.Wilde@hartford.gov

## **CERTIFICATION**

This is to hereby certify that on April 13, 2018 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

>/s/ Julia V. Wilde
>Julia V. Wilde
>Assistant Corporation Counsel
>Federal Bar No. ct30163