**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LASHAWN ROBINSON, on behalf of herself and her five children; NICHOLE BURKEKANE, on behalf of herself and her minor son; NATALIE DELGADO, on behalf of herself and her two minor children; SHARA FERGUSON, on behalf of herself and her four minor children; MARIE JOULET, on behalf of herself and her three minor children; TYNIMA TONEY, on behalf of herself and her two minor children; and JUAN TIRADO and JAHAIRA VELAZQUEZ, on behalf of themselves and their two minor children, <br><br>      Plaintiffs, <br><br>      v. <br><br>DIANNA WENTZELL, in her official capacity as Commissioner, Connecticut State Department of Education; GLEN PETERSON, in his official capacity as the Director, Sheff and Regional School Choice Office; ALLAN B. TAYLOR, in his official capacity as Chairperson of the Connecticut State Department of Education's Board of Education; DANNEL MALLOY, in his official capacity as Governor of Connecticut; GEORGE JEPSEN, in his official capacity as Connecticut Attorney General; and CRAIG STALLINGS, in his official capacity Chairperson of the Hartford Public Schools Board of Education, <br><br>      Defendants; <br><br>ELIZABETH HORTON SHEFF, on her own behalf; ALDWIN ALLEN, on behalf of his minor children; SUZANN BECKETT, on behalf of her minor children; CHARLES HOLLIS and SANDRA VERMONT-HOLLIS on behalf of their minor child; TYASHA ADAMS ROBERTS, on behalf of her minor child; AMANDA SOTO on behalf of her minor child; and NORDIA STONE on behalf of her minor children, <br><br>      Defendants-Intervenors; | Civil Case No. 3:18-cv-00274 (SRU) |

**DEFENDANT-INTERVENORS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

The Defendant-Intervenors Elizabeth Horton Sheff; Aldwin Allen on behalf of his minor children J.A., L.A. and M.A.; Suzann Beckett on behalf of her minor children A.B. and H.B.; Charles E. Hollis and Sandra Vermont-Hollis on behalf of their minor child S.H.; Tyasha Adams Roberts on behalf of her minor child G.M.; Amanda Soto on behalf of her minor child T.S.; and Nordia Stone on behalf of her minor children G.P. and M.S. (collectively, "Intervenors") submit the following Answer in response to the Complaint, ECF. No. 1 ("Complaint") filed in this matter on February 15, 2018.

Intervenors deny that the Regional School Choice Office ("RSCO") lottery relies on race; deny that the RSCO lottery and the reduced isolation standard violate the United States Constitution in any way; and deny each and every averment of the Complaint except as specifically admitted in the following responses to the individually numbered paragraphs of the Complaint.

**RESPONSES TO THE COMPLAINT**

1. The first four sentences are denied. As to the third sentence, the application of the term "racial quota," to the system designed to meet the obligations of a state court desegregation order enforcing the Connecticut Constitution, under supervision of the state court, is inaccurate and denied. The fourth sentence is denied to the extent that it suggests that the reduced isolation standard requires that any student be turned away from schools. As to the last sentence, because Intervenors lack sufficient information as to whether the magnet schools are the "best" schools and that Hartford's neighborhood schools are failing, Intervenors leave plaintiffs to their proof as to that allegation.

2. As to the first sentence, it is admitted only that there are lottery processes, and the balance of the sentence is denied. As to the second sentence, it is admitted only that the *Hartford Courant* article is accurately quoted. The balance of the paragraph is denied.

3. Intervenors deny the final sentence of this paragraph, but lack sufficient information to admit or deny other allegations of this paragraph and therefore leave the plaintiffs to their proof.

4. As to the first sentence and third sentence, Intervenors lack sufficient information to admit or deny the allegations and therefore leave the plaintiffs to their proof. The second sentence is admitted.

5. It is admitted only that the state defendants sued in their official capacities are Connecticut residents. As to the balance of the paragraph, Intervenors lack sufficient information to admit or deny the allegations and therefore leave the plaintiffs to their proof.

6. Intervenors lack sufficient information to admit or deny the allegations of this paragraph and therefore leave the plaintiffs to their proof.

7. Intervenors lack sufficient information to admit or deny the allegations of this paragraph and therefore leave the plaintiffs to their proof.

8. Intervenors lack sufficient information to admit or deny the allegations of this paragraph and therefore leave the plaintiffs to their proof.

9. Intervenors lack sufficient information to admit or deny the allegations of this paragraph and therefore leave the plaintiffs to their proof.

10. Intervenors lack sufficient information to admit or deny the allegations of this paragraph and therefore leave the plaintiffs to their proof.

11. Intervenors lack sufficient information to admit or deny the allegations of this paragraph and therefore leave the plaintiffs to their proof.

12. Intervenors lack sufficient information to admit or deny the allegations of this paragraph and therefore leave the plaintiffs to their proof.

13. Intervenors lack sufficient information to admit or deny the allegations of this paragraph and therefore leave the plaintiffs to their proof.

14. Intervenors lack sufficient information to admit or deny the allegations of this paragraph and therefore leave plaintiffs to their proof.

15. Admitted.

16. Admitted.

17. Admitted.

18. [omitted in complaint]

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. It is denied that the lawsuit was a class action, and the balance of the paragraph is admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. It is admitted only that the RSCO Office was created to operate in partnership with *Sheff* choice program operators and stakeholders to conduct a lottery process for placement of children within the *Sheff* portfolio of choice programs. RSCO does not run the lottery for all of Open Choice and magnet schools.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. It is admitted only that the 41% referred to was one alternative goal of the stipulation. The remainder of the paragraph is denied.

40. Admitted.

41. Admitted.

42. It is admitted only that under the definition of a reduced isolation school in the Phase III Stipulation, Asian students are considered students who contribute to a reduced isolation setting.

43. Admitted.

44. The first sentence is admitted. The balance of the paragraph is denied.

45. Denied that there is a "cap on black and Hispanic enrollment." Admitted in that the 75% reduced isolation standard as well as various other provisions of the *Sheff* stipulations have been codified and incorporated by reference in the Connecticut General Statutes.

46. Admitted.

47. It is admitted only that the State Department of Education issued the attached document. It is denied that it is a Connecticut regulation or quota.

48. It is admitted that the document provides as alleged. It is denied that it is a Connecticut regulation.

49. Denied.

50. It is admitted only that operation of the lottery was one of the reasons that the RSCO Office was created.

51. Admitted.

52. Admitted.

53. Intervenors lack sufficient information to admit or deny the allegations of this paragraph and therefore leave the plaintiffs to their proof.

54. Admitted.

55. Denied.

56. Denied.

57. Denied.

58. Intervenors lack sufficient information to admit or deny the allegations of this paragraph and therefore leave the plaintiffs to their proof.

59. Denied.

60. Denied.

61. Intervenors incorporate by reference their responses to the allegations of the preceding paragraphs of the complaint.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Intervenors incorporate by reference their responses to the allegations of the preceding paragraphs of the complaint.

68. As to allegations of this paragraph, Intervenors lack sufficient information and therefore leave the plaintiffs to their proof.

69. Denied.

70. Denied.

71. Intervenors incorporate by reference their responses to the allegations of the preceding paragraphs of the complaint.

72. Admitted.

73. Denied.

74. It is admitted only that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution is accurately quoted, but the remainder of the paragraph is denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Intervenors incorporate by reference their responses to the allegations of the preceding paragraphs of the complaint.

85. Denied.

86. Denied.

87. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

### PRAYER FOR RELIEF

Intervenors deny that *Robinson* Plaintiffs are entitled to any declaratory or equitable relief, or are entitled to any attorneys' fees and costs, in that all of the Defendants' actions at issue are consistent with the United States Constitution and have been taken to conform with and pursuant to lawful judicial orders of the Connecticut Supreme Court and the Connecticut Superior Court to remedy unlawful racial and ethnic segregation. It is denied that Plaintiffs are entitled to a jury trial given that all their claims seek equitable relief.

**First Affirmative Defense**

The RSCO lottery and reduced isolation standard do not involve any racial classifications and do not violate the U.S. Constitution or require strict scrutiny. No individual student assignment

choices are made based on race. The reduced isolation standard is a measure used by Intervenors and Defendants after students are assigned to schools and does not impact their admission. Further, all of Defendants' and Intervenors' actions at issue herein were taken to address a mandate of the Connecticut Constitution as enunciated by the Connecticut Supreme Court in *Sheff v. O'Neill*, 678 A. 2d 1267 (Conn. 1996), and have been either approved or ordered by the Connecticut Superior Court in furtherance of complying with that mandate. Intervenors and Defendants were and are entitled to rely in good faith on the federal constitutional legality of both the mandate of this State's highest court and the orders of the State Superior Court interpreting and enforcing that mandate.

**Second Affirmative Defense**

Should this Court determine that the RSCO lottery or reduced isolation standard are subject to strict scrutiny, Intervenors will demonstrate that the reduction of racial isolation resulting from purportedly *de facto* segregation in schools and Defendants' compliance with the Connecticut State Constitution's nondiscrimination provisions are compelling government interests, and that the reduced isolation standard and race-neutral RSCO lottery are narrowly tailored to meet those interests. *See generally Fisher v. Univ. of Tex. at Austin*, 136 S. Ct. 2198, 2210 (2016); *Chi Iota Colony of Alpha Epsilon Pi Fraternity v. City Univ. of N.Y.*, 502 F.3d 136, 148-49 (2d Cir. 2007).

**Third Affirmative Defense**

Should this Court determine that the RSCO lottery or the reduced isolation standard are subject to strict scrutiny, Intervenors will show that Defendants' actions are necessary to meet the compelling state interest in remedying Defendants' own unlawful discrimination in violation of the federal Constitution or civil rights laws. *Hayden v. County of Nassau*, 180 F. 3d 42, 51 (2d Cir. 1999). The reduced isolation standard and race-neutral RSCO lottery are narrowly tailored to meet this interest. For decades before the *Sheff* litigation, Defendants knew that they could potentially

be held liable for violating federal law because of the state-imposed, inter-district racial segregation between the Hartford and suburban districts. *See generally United States v. City of Yonkers*, 96 F.3d 600, 622 (2d Cir. 1996). Defendants had a strong basis in evidence for avoiding their potential liability by preemptively acting to eliminate all vestiges of that inter-district school segregation.

Respectfully submitted on May 11th, 2018 by,

/s/ Martha Stone
Martha Stone
CENTER FOR CHILDREN'S ADVOCACY
65 Elizabeth Street
Hartford, CT 06105
Phone: (860) 570-5327
mstone@kidscounsel.org

/s/ Dennis Parker
Dennis Parker
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004
Phone: (212) 519-7832
dparker@aclu.org

/s/ Deuel Ross
Deuel Ross
Cara McClellan
NAACP LEGAL DEFENSE
  & EDUCATIONAL FUND, INC.
40 Rector Street, 5th floor
New York, NY 10006
Phone: (212) 965-2200
dross@naacpldf.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 11th, 2018, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing, as indicated below. Parties may access this filing through the Court's CM/ECF System.

Respectfully submitted on May 11th, 2018:

<u>/s/ Deuel Ross</u>
Deuel Ross
NAACP LEGAL DEFENSE
  & EDUCATIONAL FUND, INC.
40 Rector Street, 5th floor
New York, NY 10006
Phone: (212) 965-2200
dross@naacpldf.org