**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LaSHAWN ROBINSON, et al. | : | CIVIL ACTION NO |
| | : | 3:18-cv-00274 (SRU) |
| v. | : | |
| | : | |
| DIANNA WENTZELL, et al. | : | NOVEMBER 19, 2018 |

**STATE DEFENDANTS' MEMORANDUM**
**REGARDING PLAINTIFFS' STANDING**

**I.  Introduction**

The defendants Dianna Wentzell, Glen Peterson, Allan Taylor, Dannel Malloy and George Jepsen (the "state defendants"), respectfully submit this memorandum in accordance with the Court's order of October 29, 2018 (Doc. 72) requesting supplemental briefing regarding the issue of whether the plaintiffs have standing. As set forth more fully below, while plaintiffs have standing to pursue their claims set forth in the first count of the complaint, they lack standing as to their claims in the second count.

**II.  Discussion**

**A.  The Allegations of the Complaint**

The plaintiffs in this case are black and Hispanic parents who reside in the City of Hartford with their school-aged children, on whose behalf the lawsuit has allegedly been brought. (Doc. 1, paras. 6-14) All claim they have applied, seeking to have to have their children attend interdistrict magnet schools whose available seats are filled by a lottery run by the Regional School Choice Office ("RSCO"), created and overseen by Connecticut State Department of Education ("CSDE"), but to date their children have not obtained seats in the magnet schools they sought to attend. (Complaint paras. 6-14; 50-60)

Seeking declaratory and injunctive relief, the plaintiffs assert two separate causes of action. (Doc. 1, "prayer for relief," paras. 1-5; Doc.1, paras. 71-94)   The first cause of action, entitled "the 75% minority cap violates the Equal Protection clause of the Fourteenth Amendment," alleges that the 75% target for black and Hispanic enrollment in such interdistrict magnet schools, contained in existing Superior Court orders entered in furtherance of the Connecticut Supreme Court's desegregation mandate in *Sheff v. O'Neill*, 238 Conn. 1 (1996), and now codified in state statute, violates federal Equal Protection principles. (Doc. 1, paras. 39, 41, 42, 45-49)  The second count, entitled "racial manipulation of the RSCO lottery violates the Equal Protection Clause of the Fourteenth Amendment," alleges that certain protocols and procedures utilized by RSCO for running the lottery and populating available seats in the interdistrict magnet schools "use race, overtly and covertly, so as to preference white and Asian students at the expense of black and Hispanic students," which plaintiffs label "racial manipulation." (Doc. 1, paras. 84-94)

Because none of the protocols or procedures plaintiffs complain about in the second count are employed with respect to interdistrict magnet school applicants who reside in Hartford, plaintiffs lack standing as to the second count, and the state defendants are entitled to dismissal of the count, judgment on the pleadings or summary judgment as to that count. *Shain v. Ellison*, 356 F.3d 211, 215-216 (2d Cir.2004) (Where plaintiff lacks standing, the court lacks subject matter jurisdiction).

**B.  Principles of Standing**

Constitutional standing embodies the requirement that any party suing in federal court must establish the existence of a case or controversy within the meaning of Article III of the U.S. Constitution.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *City of Los*

*Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *Clapper v. Amnesty International*, 568 U.S. 398, 408-409 (2013).  Constitutional standing requires that the plaintiff have suffered an "injury in fact," such that there is: i) an invasion of a legally protected interest that is concrete and particularized and not conjectural or hypothetical; ii) a causal connection between the alleged injury and the conduct of which the plaintiff complains; and iii) likelihood that the injury will be addressed by a decision favorable to the plaintiff.  *Id.*   The plaintiff must demonstrate an injury *to himself* that is distinct and palpable and not merely abstract; the plaintiff's injury must be concrete in both a qualitative and temporal sense.  *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990); *Warth v. Seldin*, 422 U.S. 490, 500 (1975); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).  For injunctive relief, constitutional standing requires establishing a real and immediate threat of future harm by the defendants. *Shotz v. Cates*, 256 F.3d 1077, 1081-82 (11th  Cir.2001); *Shain*,  356 F.3d at 215-16**.**

**C.  Plaintiffs' Allegations and the Operation of the Lottery**

As noted, the gravamen of plaintiffs' claim in the second count is that certain lottery protocols employed by RSCO overtly and covertly "preference white and Asian students at the expense of black and Hispanic students."  (Doc.1, paras. 84-94) Paragraphs 50 through 60 of the Complaint, incorporated by reference into the second count (Doc. 1, para. 84), also specifically address the RSCO run lottery, and allege that the RSCO lottery "uses race to carefully engineer the racial makeup of magnet schools in Hartford," "test," "tweak," "tinker" and "run simulations during the lottery process," (Doc. 1, paras. 55, 56, 57, 59) all to give preference to white and Asian applicants. (Doc. 1, para. 59, 60) Nowhere is it alleged, nor can plaintiffs establish -- as they must for constitutional standing for purposes of the second count -- that any such alleged tweaking or tinkering to favor white or Asian applicants occurs

with respect to applicants who reside in Hartford, as do all the plaintiffs. (Doc. 1, paras. 6-14)
Again, plaintiffs must demonstrate concrete and particularized injury *to themselves* in order
to establish constitutional standing. *Whitmore,* 495 U.S. at 155.  As described by the Court in
*Shain¸* "[i]n order to meet the constitutional minimum of standing to seek injunctive relief,
[plaintiff] Shain must carry the burden of establishing that 'he has sustained or is immediately
in danger of sustaining some direct injury as the result of the challenged official conduct.'"
*Shain*, 356 F.3d at 215 (quoting *City of Los Angeles*, 461 U.S. at 101-102). Here, plaintiffs
have not and cannot sustain their constitutional burden of establishing standing as to the
second count. Plaintiffs' failure to carry this burden by itself requires the Court to dismiss or
grant judgment on the pleadings as to the second count.

The plaintiffs' lack of constitutional standing to assert their claims in the second count
is further underscored by the unchallenged evidence presented in the affidavit of Glen
Peterson, filed in conjunction with the state defendants' motion for judgment on the pleadings
or in the alternative for summary judgment, dated April 27, 2018 (Doc. 34-9, Exhibit H to the
state defendants' memorandum in support of their motion for judgment on the pleadings or in
the alternative for summary judgment).  Paragraphs 20 through 27 of the Peterson affidavit
describe in detail certain sorting methods applied, where needed, to the *suburban applicant
pool* to seek to ensure sufficient white and Asian suburban applicants are reached in the
process to try to attain compliance at each interdistrict  magnet school with the goal of 25%
of  enrollment comprised of white or Asian students.  Notably, these paragraphs describe that
such sorting methods or protocols are *not* applied with respect to Hartford resident
applicants. (Doc. 34-9, Peterson Affidavit paras. 20 (applied to suburban applicant pools);
22, 24 (applied for applicants who live in "towns other than Hartford"); 27 (applied to "order

the suburban applicant pool")). In short, the very protocols plaintiffs complain of in the second count, which they allege constitute illegal "manipulation" or preferences favoring white or Asian applicants, manifestly do not come into play with respect to plaintiffs' applications to the interdistrict magnet schools.

**III.** **Conclusion**

Leaving aside the accuracy of plaintiffs' characterization of these protocols and methods, plaintiffs have not and cannot establish, as they must, that the protocols they complain of in the second count have been or will be applied to them. As such they lack constitutional standing as to that count. *Whitmore*, 495 U.S. at 155; W*arth*, 422 U.S. at 500; *Shain*, 356 F.3d at 215.

                    **STATE DEFENDANTS**
                    **GEORGE JEPSEN**
                    **ATTORNEY GENERAL**

**BY**:   /s/ Ralph E. Urban
        Ralph E. Urban
        Darren P. Cunningham
        Assistant Attorneys General
        Federal Bar Nos. ct00349 and ct25380
        ralph.urban@ct.gov
        darren.cunningham@ct.gov
        Office of the Attorney General
        55 Elm Street, P.O. Box 120
        Hartford, CT  06141-0120
        Tel: (860) 808-5210
        Fax: (860) 808-5385

## **CERTIFICATION**

I hereby certify that on November 19, 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                     /s/ Ralph E. Urban
                     Ralph E. Urban
                     Assistant Attorney General
                     Federal Bar No. ct00349